[Cite as *City v. Jolly*, 2018-Ohio-4399.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-162 |
| v. | : | (M.C. No. 2017 CRB 13513) |
| Norman C. Jolly, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 30, 2018

**On brief:** *Zach Klein*, City Attorney, *Lara N. Baker*, and *Melanie R. Tobias*, for appellee. **Argued:** *Melanie R. Tobias*.

**On brief:** *John W. Vogel*, for appellant.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Norman C. Jolly, III, appeals a judgment of the Franklin County Municipal Court finding him guilty of soliciting, a violation of Columbus City Code ("C.C.C.") 2307.24(A) and a first-degree misdemeanor. For the following reasons, we affirm.

{¶ 2} At approximately 1:10 a.m. on June 16, 2017, Detective Elizabeth Beine of the Columbus Division of Police was working as a decoy prostitute. While Beine was standing near the intersection of Sullivant and Wheatland Avenues, she saw Jolly drive by. Soon thereafter, Jolly returned to the intersection, pulled his car to the curb of Wheatland Avenue, and made eye contact with Beine.

{¶ 3} Beine walked over to Jolly's car and asked Jolly through the open passenger window whether Jolly wanted her or another nearby woman. Jolly indicated that he wanted Beine and told her to "[g]et in." (Tr. at 27.) Instead of entering the car, Beine asked Jolly through the window, "Where we going?" (State's Ex. 1; Tr. at 27.) Jolly responded, "I don't know; you tell me." (State's Ex. 1; Tr. at 27.) At that point, Beine spotted a condom in the pocket of the driver-side door and said, "Well, you got a condom, so you already ready to go." (State's Ex. 1.) Jolly replied, "You want me to meet you down there somewhere?" (State's Ex. 1; Tr. at 29.) Rather than answering, Beine asked, "I mean, you have any place or you just want to go to an alley or something?" (State's Ex. 1; Tr. at 29.) Jolly indicated that he preferred the alley. Beine then asked, "You just looking for a quick blow job or what?" (State's Ex. 1; Tr. at 30.) Jolly answered, "Yeah, how much?" or "How much?" (State's Ex.1; Tr. at 24, 31, 33.) Beine said, "I mean $15, if you could do $15." (State's Ex. 1.) Jolly responded that he only had $10, and he began fumbling with some cash in his hand. Beine said, "I mean, I could do $10. I'm desperate right now for money." (State's Ex. 1; Tr. at 31-32.) Beine then told Jolly to meet her in the alley and walked away. Another police detective arrested Jolly for soliciting.

{¶ 4} Jolly pleaded not guilty and consented to a bench trial. At the trial, Beine testified to the facts set forth above, and the trial court admitted into evidence an audio recording of Beine and Jolly's interaction. In a judgment entered February 26, 2018, the trial court found Jolly guilty of soliciting in violation of C.C.C. 2307.24(A). The trial court imposed a $100 fine and ordered Jolly to pay court costs, but suspended the fine and limited the costs to $125 if Jolly paid the costs by March 26, 2018.

{¶ 5} Jolly now appeals the February 26, 2018 judgment, and he assigns the following error:

> The trial court erred in holding that Appellant, Norman Jolly, is guilty of Soliciting in violation of O.R.C. 2907.24 [sic], when Detective Beine initiated the encounter, sexual enticement and monetary negotiations.

{¶ 6} Jolly does not specify in his assignment of error or his argument whether he is challenging the sufficiency or weight of the evidence underlying his conviction. The legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the

syllabus. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict as a matter of law. *Id.* at 386. In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. If an appellate court determines that the evidence is insufficient to support a conviction, the defendant is entitled to an acquittal. *Thompkins* at 387-88; *State v. Cockrell*, 10th Dist. No. 04AP-487, 2005-Ohio-2432, ¶ 14.

{¶ 7} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *Thompkins* at 387. Although there may be sufficient evidence to support a judgment, an appellate court may nevertheless conclude that the judgment is against the manifest weight of the evidence. *Id.* When presented with a manifest weight challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *Id.* Where an appellate court finds a conviction against the manifest weight of the evidence, the remedy is a reversal and remand for a new trial. *Id.* at 387-88; *State v. Jamhour*, 10th Dist. No. 06AP-20, 2006-Ohio-4987, ¶ 13.

{¶ 8} In the case at bar, Jolly argues that he did not commit the offense of soliciting because all he did was to agree to what Beine suggested. Based on this argument, Jolly maintains that we should reverse his conviction and remand this matter for the entry of a judgment of acquittal. Jolly, thus, challenges whether the evidence supports all elements of the offense of soliciting, and he seeks an acquittal due to the alleged lack of adequate evidence. Given the nature of Jolly's argument and the remedy sought, we conclude that he is contesting the sufficiency of the evidence underlying his conviction.

{¶ 9} Pursuant to C.C.C. 2307.24(A), "[n]o person shall solicit another to engage with such other person in sexual activity for hire." "Sexual activity" means "sexual conduct or sexual contact, or both." C.C.C. 2307.01(C). "Sexual conduct" includes "fellatio * * *

between persons regardless of sex." C.C.C. 2307.01(A).  "Solicit" means to entice, urge, lure, or ask.  *State v. Dovangpraseuth*, 10th Dist. No. 05AP-88, 2006-Ohio-1533, ¶ 44; *Columbus v. Myles*, 10th Dist. No. 04AP-1255, 2005-Ohio-3933, ¶ 20.

{¶ 10}  Here, Jolly asserts that he only agreed to Beine's advances; he did not solicit Beine to perform fellatio for hire.  We disagree.  Jolly reconnoitered the area where Beine was loitering, he stopped his car close by and made eye contact with her, and he indicated his interest in Beine (rather than another woman).  Jolly then decided where he and Beine would meet privately.  When Beine asked whether Jolly wanted "a quick blow job," Jolly answered affirmatively and asked how much he would have to pay.  (State's Ex. 1.)  By these actions, Jolly enticed, urged, and lured Beine to engage in sexual activity for hire.

{¶ 11}  We agree with Jolly that he never explicitly asked Beine to perform fellatio on him for $10.  However, such explicit conduct is not necessary to establish the offense of soliciting.  *Myles* at ¶ 30.

{¶ 12}  We also acknowledge Jolly's contention that Beine played a significant role in arranging the proposed transaction.  We do not disagree with this contention. Nevertheless, our focus here is on Jolly's actions, not Beine's.  Jolly participated in initiating and negotiating a sexual encounter (i.e., fellatio) with Beine in exchange for $10.  This conduct constitutes enticing, urging, and luring Beine to engage in sexual activity for hire. Consequently, sufficient evidence supports Jolly's conviction for soliciting in violation of C.C.C. 2307.24(A).  *See Columbus v. Memon*, 10th Dist. No. 10AP-880, 2011-Ohio-2008, ¶ 20 (offering to pay for sexual activity constitutes soliciting under C.C.C. 2307.24(A)).

{¶ 13}  For the foregoing reasons, we overrule Jolly's sole assignment of error, and we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————